**Aizen v. State Automobile Insurance Association**

*Richard S. March,* for plaintiff.
*Byron L. Milner,* for defendant.

HIRSH, J., June 21, 1972.—This matter is before

the court on defendant's motion for judgment on the pleadings.

Minor plaintiff sustained injuries as a result of an accident involving a noninsured motorist. The policy issued by defendant contained a noninsured motorist clause and claim was made on behalf of minor plaintiff under this provision. Settlement of the claim against defendant was effected and plaintiffs executed and delivered to defendant a purported release and trust certificate in accordance with the provisions set forth in the insurance policy.

The insurance policy also provided for medical coverage to the limit of $2,000 and the pleadings admit the expenditure of at least this sum for medical bills.

Plaintiffs now institute this suit to recover for medical payments under the coverage of the insurance policy C-1 which contained the aforementioned provision. Defendant in its answer sets forth a copy of the release and avers plaintiffs released defendant from all obligations under the contract sued on. Plaintiff's reply did not deny the execution of the purported release but merely alleged that the release spoke for itself. This being so, the sole matter for determination of the court is the legal significance of the instrument.

The phraseology of the release is not ambiguous nor reasonably susceptible to more than one meaning ". . . in full settlement and final discharge of all claims under policy number C73009296 for bodily injuries and property damage sustained by Howard M. Aizen, a minor . . ." The phrase "all claims under" the policy encompasses claims of every nature arising under and by reason of the policy of insurance. It would be self-defeating to enumerate each and every item of a claim.

Where a release had referred to "any and all persons" but one entity was omitted from such release,

it was determined that such phrase included the unnamed company: Hasselrode v. Gnagey, 404 Pa. 549 (1961).

A judgment on the pleadings is granted only when the right is clear and free from doubt and the court finds that this case is clearly one under which Pennsylvania Rule of Civil Procedure 1034 is applicable.

Accordingly, it is, therefore, ordered that defendant's motion for judgment on the pleadings is granted.